IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|                          |   |                          |
|--------------------------|---|--------------------------|
| MAURICE GLENN,           | * |                          |
| Plaintiff,               | * |                          |
| v.                       | * | Civil Action No. PX 15-3058 |
|                          | * |                          |
| WELLS FARGO BANK, N.A.,  | * |                          |
| Defendant.               | * |                          |

******

**MEMORANDUM OPINION**

On January 26, 2017, the Court issued a memorandum opinion and order granting Defendant's motion to dismiss. (ECF Nos. 42 and 43). As to the claims related to Plaintiff's business account, the Court granted Defendant's Motion to Dismiss because they are arbitrable. *Id.*. As to Plaintiff's non-arbitrable claims, the Court granted Defendant's Motion to Dismiss for failure to state a claim. *Id.* On February 16, Plaintiff proceeding *pro se*,[1] filed a pleading liberally construed as a motion for reconsideration, which is presently pending, ECF No. 44, and a supplemental memorandum, ECF No. 52. For the reasons stated below, Plaintiff's motion for reconsideration (ECF No. 44) is DENIED.

A plaintiff filing *pro se* is held to "less stringent standards" than is a lawyer, and the Court must liberally construe his claims, no matter how "inartfully" pled. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *accord Brown v. N.C. Dep't of Corr.*, 612 F.3d 720, 724 (4th Cir.2010) (observing that liberal construction of a complaint is particularly appropriate where a pro se plaintiff alleges civil rights violations). In Plaintiff's filing, he requests that his

---

[1] On February 27, 2017, the Court granted Plaintiff's counsel's motion to withdraw his appearance. ECF No. 51.

case be reopened. ECF No. 44 at 1. Thus, liberally construing Plaintiff's filing in light of the present posture of the case, this Court will consider Plaintiff's pleading as a motion seeking reconsideration.

A motion for reconsideration filed within 28 days of the underlying order is governed by Federal Rule of Civil Procedure 59(e). Courts have recognized three limited grounds for granting a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e): (1) to accommodate an intervening change in controlling law, (2) to account for new evidence not previously available, or (3) to correct clear error of law or prevent manifest injustice. *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)), *cert. denied*, 538 U.S. 1012 (2003). A Rule 59(e) motion "may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pacific Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright, *et al.*, Federal Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995)). Where a party presents newly discovered evidence in support of its Rule 59(e) motion, it "must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Id.* (quoting *Small v. Hunt*, 98 F.3d 789, 798 (4th Cir. 1996)) (internal marks omitted). "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Id.* (quoting Wright, *et al.*, *supra*, § 2810.1, at 124).

Plaintiff has not sufficiently addressed any of the grounds for reconsideration under Rule 59(e), nor does any appear to be applicable. The court will not rehash the same arguments considered and rejected by the court in deciding the prior motions to dismiss. *See Sanders v. Prince George's Public School System*, No. 08-CV-501, 2011 WL 4443441, at *1 (D. Md. Sept.

21, 2011) (a motion for reconsideration is "not the proper place to re-litigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request"). Thus, Plaintiff's motion for reconsideration cannot prevail.

Accordingly, it is this 3rd day of March, 2017, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion for reconsideration filed by Plaintiff (ECF No. 44) BE, and the same hereby IS, DENIED; and

2. The clerk is directed to transmit copies of this Memorandum Opinion and Order directly to Plaintiff and counsel for Defendant.

| | |
|---|---|
| 3/3/2017 | /S/ |
| Date | Paula Xinis |
| | United States District Judge |